STATE OF IOWA, Appellee, v. DENNIS A. CLARK, Appellant.

**CRIMINAL LAW:** Evidence—Relevancy and Materiality. On a charge
1 of manslaughter based on the negligent operation of an automobile, evidence is inadmissible that the place at which the alleged negligent acts took place was frequented by large numbers of people

"during the summer months," without any showing as to the conditions existing at the time• in question.

CRIMINAL LAW: Evidence—Ordinances in Criminal Cases. An ordinance prescribing the rate of speed within suburban and business districts is inadmissible in a criminal case unless accompanied by proof that the city had established such districts and had erected the proper signboards, as required by the statute. (Ch. 275, Sec. 27, Acts 38 G. A.)

CRIMINAL LAW: Trial—Argument—Right to Parole Prisoner. An argument by the prosecuting attorney to the effect that the accused, if convicted, may be paroled, made in defiance of the ruling of the court, cannot have the approval of the appellate court.

HOMICIDE: Manslaughter—Operation of Automobile. The operation of an automobile in excess of the speed prescribed by an ordinance does not *per se* render the operator guilty of manslaughter if death results to a person by reason of such operation.

CRIMINAL LAW: Trial—Instructions—Manslaughter. On a charge of manslaughter based on the negligent operation of an automobile, it is error to instruct that it is material for the jury to determine whether the act resulting in the death of the party was an "unlawful" act, and if it was unlawful, "whether it was done with usual and ordinary caution."

HOMICIDE: Manslaughter—Automobile as Deadly Weapon. The rule as to criminal carelessness in the use of a deadly weapon has no application to an automobile when a homicide is predicated on its negligent operation.

HOMICIDE: Manslaughter—Failure to Exercise Care. The rule of "reasonable care" has no application to a charge of manslaughter based on the gross negligence of the operator of an automobile.

HOMICIDE: Manslaughter—Operation of Automobile. A person who, in the operation of an automobile, kills another, is not *per se* guilty of manslaughter because he failed to have the vehicle *under control*, or failed to drive *in a careful and prudent* manner.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

DECEMBER 11, 1923.

DEFENDANT was indicted, tried, and convicted of the crime of manslaughter, for the alleged willful, unlawful, felonious, and reckless operation of an automobile, resulting in the death

of Edna Morgan, in Linn County, Iowa, August 12, 1922. Judgment was entered committing the defendant to the reformatory of Iowa for an indeterminate sentence, not to exceed eight years. Defendant appeals.—*Reversed.*

*Johnson, Donnelly & Lynch* and *B. B. Hickenlooper,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *H. K. Lockwood,* County Attorney, for appellee.

DE GRAFF, J.—On August 12, 1922, the defendant and three friends arranged for a picnic near Ellis Park, Cedar Rapids, Iowa. The preliminaries having been completed, they started for the picnic grounds in an automobile owned by Noble Spillman, who was one of the party. The front seat was occupied by Vina Marsh and the defendant, who was driving the car. The rear seat was occupied by Edna Morgan and Mr. Spillman. After leaving the city of Cedar Rapids, they proceeded through Ellis Park, and shortly thereafter, the car collided with some trees that stood within six inches of the traveled portion of the highway. The road at this point was narrow and rough. The car first collided with a tree near the edge of the road, and, after striking another tree 40 or 50 feet farther on, overturned. There is some testimony to show that the drag link, a part of the steering gear, was out of repair on the forenoon of the day of the accident, but of this fact there is no showing that the defendant had knowledge. The automobile was an old, secondhand car. The clutch was out of repair so that it caused the car to make considerable noise while in motion.

The indictment is predicated on the gross negligence of the defendant, and charges specific acts of negligence. The errors assigned on this appeal are legion, and, as appellant states, "like the seed of Abraham, are as numerous as the sands of the sea." None of the parties involved in the transaction distinctly remember any of the occurrences connected therewith. One of the party was killed, and the other three were seriously bruised and injured. This appeal primarily concerns itself with the admis-

sion of evidence and the giving of certain instructions by the court to the jury.

I.   The State was permitted to show, over proper objection, that Ellis Park is a park frequented by a large number of people during the summer months, and that along this road, and not far from the road, picnic parties in large num-

1. CRIMINAL LAW: evidence: relevancy and materiality.

bers congregate. The subject-matter of this inquiry was immaterial and irrelevant.   There is no evidence that any picnickers were in Ellis Park or congregated in large numbers along the road in question at the time of the accident.   It afforded a basis for argument on the part of the State as to the negligence of the defendant that could have but one tendency—to prejudice the minds of the jury.

II.   The State was permitted to introduce, over objection, an ordinance of the city of Cedar Rapids.   There is no showing that the city of Cedar Rapids had complied with the state law in establishing suburban and business districts in

2. CRIMINAL LAW: evidence: ordinances in criminal cases.

which the maximum speed of a vehicle should not exceed 20 miles per hour in a suburban district and 15 miles per hour in a business district.   There is no showing that any signs had been posted, as required by law.   Section 27, Chapter 275, Acts of the Thirty-eighth General Assembly. In a criminal case, the law does not presume that public officials have done their duty, as prescribed by statute, and the State has the burden to prove every material fact essential to a conviction.   It was upon the State to prove that the city had complied with the requirements of law, in order to give the ordinance force and effect in a criminal prosecution.   *Remington v. Machamer*, 192 Iowa 1098; *Incorporated Town of Decatur v. Gould*, 185 Iowa 203.

III.   Complaint is made of certain language used by the prosecuting attorney in his argument to the jury, especially with reference to the power of the court to parole the defendant.

3. CRIMINAL LAW: trial: argument: right to parole prisoner.

Upon objection, the court admonished the jury to pay no attention to the remarks of counsel. Regardless of the admonition, the attorney for the State continued:

"There is nothing to prevent you from coming to me or going to the court, and saying, 'We had to find him guilty, be-

cause it was the truth; but for once we wish you would stay the execution of the sentence upon this man during his good behavior.' "

This language constituted a direct violation of the ruling and the admonition of the court, and the appellant may well complain of the liberty or license taken in this regard. We cannot approve of such practice. It was a persistent appeal to induce the jury to return a verdict of guilty, after the ruling and admonition of the court. In passing, we cannot refrain from expressing our disapproval.

IV. The court submitted to the jury, in its statement of the charge, one of the specific acts alleged in the indictment, to wit: that the defendant was negligent in driving said motor vehicle while he, the said defendant, was in an intoxicated condition. There was no proof to sustain this particular charge, and it should have been withdrawn.

Instruction 6 given by the court directs the attention of the jury to the ordinance to which we have referred, and explains to the jury the legal effect of the ordinance. It is further stated 4. CRIMINAL LAW: in said instruction that the action in question evidence: ordinances in happened on a street in a suburban district of criminal cases. the city of Cedar Rapids. There is no proof of this fact. There is no proof, as heretofore stated, that the city had complied with the state law in any way. A prosecution under the ordinance against an alleged violator thereof could not be sustained without such proof. In effect, the jury was told that a violation of this ordinance was such an unlawful act as 5. HOMICIDE: man- would render the defendant guilty of man-slaughter: operation of slaughter, if the death of Edna Morgan resulted automobile. by reason thereof. Clearly, the driving of the car at a rate of speed in violation of a city ordinance would not per se make the defendant guilty of manslaughter, even though the death of a person did result therefrom. *State v. Moore,* 129 Iowa 514.

In the eighth instruction, the jury was further instructed:

"It remains, however, to determine whether the act involved resulting in the death of Edna Morgan was an unlawful act; and if it was unlawful, whether it was done with usual and ordinary caution."

**6. CRIMINAL LAW:** **trial: instructions: manslaughter.** It is difficult to understand the intendment of this instruction. This language immediately follows a paragraph which recited, "It is claimed that the defendant's act was committed by accident and misfortune, and without any unlawful intent, within the meaning of our statute," and is immediately followed by these words:

"The act of the defendant which is involved is the driving of the automobile when it struck the tree; and if the defendant was driving the automobile in violation of any provision of the statute or of the ordinances of the city of Cedar Rapids regulating the driving of automobiles, and such driving resulted in the death of Edna Morgan, his act was not a lawful act."

This instruction is clearly erroneous.

In the ninth instruction, the court used the language of the instruction in *State v. Hardie*, 47 Iowa 647, adopting the rule as to criminal carelessness in the use of a deadly weapon. **7. HOMICIDE: manslaughter: automobile as deadly weapon.** The deadly weapon rule is not applicable to an automobile when a homicide is predicated on the negligence of its operator. An automobile is not a deadly nor an inherently dangerous instrumentality.

In another instruction, the jury was told that, if the defendant failed to exercise such care as a reasonably prudent man should and ought to use under like circumstances, he should be **8. HOMICIDE: manslaughter: failure to exercise care.** convicted. Although the instruction might find proper application in a civil case for damages predicated on alleged negligence, it finds no application in a criminal case, where the jury must find beyond a reasonable doubt that the homicide charged was the result of an unlawful act, or the doing of a lawful act in an unlawful or grossly negligent or reckless manner.

Instruction 10 is also subject to legal criticism; since under it, if the jury found that the defendant failed "to have the motor vehicle under control, or failed to drive said vehicle in **9. HOMICIDE: manslaughter: operation of automobile.** a careful and prudent manner, or failed to drive it at a rate of speed not endangering the life of other persons, or, in driving the said vehicle at an unlawful rate of speed, caused the injury to Edna Morgan which resulted in her death," the jury could not do otherwise than convict. This instruction eliminates the gross negligence

and reckless indifference to life which supplies the intent in criminal law in a case of this character.

We do not deem it necessary to incumber this opinion by quoting certain requested instructions on behalf of defendant, as a reversal of this case must be ordered for the reasons indicated. Wherefore the judgment entered is—*Reversed.*

PRESTON, C. J., STEVENS and VERMILION, JJ., concur.