BRADFORD *v.* STATE.

(Division A.   March 24, 1930.)

[127 So. 277.   No. 28477.]

W. I. Stone, of Coffeeville, McKeigney & Latham, of Eupora, and W. J. Evans, of Calhoun City, for appellant.

**Forrest B. Jackson,** Assistant Attorney-General, for the state.

Argued orally by **W. I. Stone**, for appellant, and by **Forrest B. Jackson**, Assistant Attorney-General, for the state.

**Cook, J.**, delivered the opinion of the court.

The appellant, Marvin Bradford, was convicted in the circuit court of Calhoun county on a charge of manslaughter, and sentenced to serve a term of three years in the state penitentiary; and from this conviction and sentence he prosecuted this appeal.

The facts shown by the evidence are as follows: In the late afternoon of the 28th day of May, 1928, Mrs. Perry Peden was driving a Ford automobile from Calhoun City to her home, which was situated on the west side of a highway running north from Calhoun City to Pittsboro, in Calhoun county. She was traveling on the right-hand or east side of the highway going north until she reached a point where it was necessary for her to turn west across the highway, in order to enter a driveway leading out to her home. At that point she turned west across the highway toward this driveway, and, when she did so, her automobile was struck by a Chrysler roadster driven by the appellant, which was on the west side of the highway, and was traveling south toward Calhoun City. As a result of this collision Mrs. Peden's automobile was knocked about eighty feet south from the point where it was struck, and Mrs. Peden was killed. The Chrysler roadster was thrown completely over the Ford, and landed with its wheels in the air, and its radia-

tor pointed in a northerly direction. The appellant and his two companions escaped without serious injury.

Mrs. Howard Murff, a witness for the state, who lived about two hundred yards south from the Peden home, testified that Mrs. Peden stopped at her residence to discharge a passenger, and then proceeded north toward her home at a rate of speed of about ten miles per hour, and that just before she turned west across the highway she gave a signal by extending her arm. The rate at which the appellant's automobile was traveling at the time of the collision was variously estimated by the state's witnesses at from fifty to seventy miles per hour, and there was testimony to the effect that his automobile was swerving back and forth across the highway. The appellant and his witnesses testified that the rate of speed was between thirty and forty miles per hour, and that the occupants of the car had no notice of the fact that Mrs. Peden intended to turn across the highway until she suddenly turned her automobile, and projected it into the path of the Chrysler, which was traveling on the right-hand side of the road going south, that when she turned her automobile across the highway the appellant's automobile was only about sixty feet away, and that, while he applied the brakes as quickly as possible, it was then impossible to avoid the collision. The testimony further showed that there is one house located on or near the highway, about a quarter of a mile north from the Peden residence, and another one about one-half mile therefrom. South of the Peden residence there are two residences, one about one hundred and forty yards, and the other about two hundred yards therefrom.

The appellant first assigns as error the action of the court below in overruling a demurrer to the indictment. The indictment, omitting the formal parts, reads as follows:

"That Marvin Bradford in said county, on or about the 28th day of May, A. D. 1928, did unlawfully, wilfully

and feloniously kill and slay Mrs. Perry Peden, a human being by then and there in an unlawful, wilful, felonious, reckless, and negligent manner operate and run an automobile upon and along the public highway in said county and state at an unlawful rate of speed and did then and there unlawfully, wilfully and feloniously hit and strike and kill the aforesaid Mrs. Perry Peden at a time when the said Mrs. Perry Peden was driving her automobile at a lawful rate of speed and in accordance with the laws of this state on said public highway and the said Mrs. Perry Peden was lawfully crossing and turning off of the said public highway toward her home and had given the proper signal that she was going to turn her car and had gotten so far across and off of said highway that part of her car was off of said highway there was plenty of room for the said Marvin Bradford to pass the said car of the said Mrs. Perry Peden without striking the said car of the said Mrs. Perry Peden, and contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi.''

Section 1431, Code of 1906 (section 1248, Hemingway's 1927 Code), provides that ''it shall be sufficient, in an indictment for manslaughter, to charge that the defendant did feloniously kill and slay the deceased, concluding in all cases as required by the Constitution,'' and it will be noted that, in the exact language of this statute, the indictment charges that the appellant ''did unlawfully, wilfully and feloniously kill and slay Mrs. Perry Peden, a human being;'' and by reason of the statute so providing this would have been sufficient. This prosecution, however, is based upon section 1244, Code of 1906 (section 1023, Hemingway's 1927 Code), which provides that ''every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this chapter, shall be manslaughter;'' and in this case the pleader under-

took to set forth in the indictment the acts constituting the negligence denounced by the statute and necessary to make the killing manslaughter, and having done so, in order for the indictment to withstand the demurrer, the acts charged must constitute such negligence as would cause the resultant killing to constitute manslaughter. Where the acts constituting the alleged culpable negligence are set forth in the indictment, such charges are not merely surplusage, but matters of substance which must show such negligence as will constitute the crime intended to be thereby charged. In the case at bar we think the acts charged meet this requirement, and that the demurrer was properly overruled.

The appellant next contends that the testimony was insufficient to support the verdict of the jury, and that the peremptory instruction requested by him should have been granted. As to the speed and movements of the appellant's automobile at the time of, and just before, the collision, the testimony is sharply conflicting. There was testimony for the state to the effect that the automobile was travelling at a speed of from sixty to seventy miles per hour, and was swerving back and forth across the roadway, and upon this testimony, as well as all the evidence as to the surrounding facts and circumstances, we think that the question of whether or not the appellant was guilty of culpable negligence was one for the jury to pass upon.

The appellant next assigns as error an instruction granted to the state which informed the jury that the Motor Vehicle Law (Laws 1928, chapter 201) of the state provides, among other things, that "No person shall in any event operate a motor vehicle upon any public highway in this state where the territory contiguous thereto is closely built up at a greater rate of speed than fifteen miles per hour." Upon the testimony in this record, the part of this instruction which is quoted in the foregoing sentence was erroneous and prejudicial. There was no

error in instructing the jury that the law provides that "no person shall operate a motor vehicle on a public highway in this state at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway, or so as to endanger the life or limb of any person or the safety of any property." But there was no testimony from which the jury could have found that the territory contiguous to this highway was closely built up within the meaning of this provision of the Motor Vehicle Law. In approaching the scene of the collision, the appellant was only required to pass two houses within a distance of one-half mile. Some distance south of the Peden residence were two houses, at least one of which was shown to be at least one hundred yards or more back from the highway; and this number of buildings within a distance of more than one-half mile would not bring the territory contiguous to the highway at the scene of the collision within the designation of "closely built up" territory, within which the speed limit is fixed at fifteen miles per hour. This being true, it was error to thus invite the jury to pass upon the question of whether or not the territory contiguous to the highway at the scene of the collision was closely built up, and to inform them that it was a violation of the positive mandate of the statute to drive at a greater rate of speed than fifteen miles per hour in closely built up territory contiguous to a highway. The appellant and his witnesses admitted that he was driving at a speed of about thirty-five miles per hour, but denied that they were exceeding the statutory speed limit of forty miles per hour outside of an incorporated municipality where the territory contiguous to the highway is not closely built up; and upon this record it was error to invite the jury to consider the applicability of the fifteen-mile speed limit within territory which is closely built up.

The other assignment presents no reversible error, but for the error indicated in the state's instruction the judg-

ment of the court below will be reversed and the cause remanded.

Reversed and remanded.