WILLIAMS *v.* STATE.

(Division A.  Oct. 10, 1931.)

[137 So. 106.  No. 29332.]

Thames & Thames, of Vicksburg, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction of manslaughter. The indictment alleges that the appellant did ". . . willfully and feloniously kill and slay one John Turner, a human being, by culpable negligence." Section 1002, Code 1930, provides that "every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this chapter, shall be manslaughter." Section 1211, Code 1930, provides that "it shall be sufficient, in an indictment for manslaughter, to charge that the defendant did feloniously kill and slay the deceased."

A demurrer to the indictment was overruled.

The indictment is said to be defective, for two reasons: First, because of the use of the word "wilful;" and, second, in failing to set forth the conduct constituting the alleged culpable negligence of the appellant. It is said by counsel for the appellant that there is no such thing as "willful negligence;" "willful" being the equivalent of "intentional." If the word "willful" cannot be here treated as mere surplusage—as we are inclined to think it can—the only effect it can here have is to charge the appellant with intentionally doing the thing which constitutes his culpable negligence, but not with the in-

tention of inflicting the injury resulting therefrom. Westre v. Chicago, M. & St. Paul Ry. Co. (C. C. A.) 2 Fed. (2d) 227; Ousley v. State, 154 Miss. 451, 122 So. 731.

Again, it is said that, while it was unnecessary for the indictment to have alleged that the killing resulted from the culpable negligence of the appellant, having so alleged, the conduct constituting that negligence should have been set forth, in support of which Bradford v. State, 158 Miss. 210, 127 So. 277, is cited. Where the acts constituting alleged culpable negligence are set forth in an indictment for manslaughter, the acts so alleged must be of such character as to warrant an inference of culpable negligence therefrom; but here no such acts are alleged, and the only effect which the allegation of culpable negligence could here have would be to limit the state to proof that the homicide was the result of culpable negligence.

No error was committed in overruling the demurrer.

To drive an automobile on a public street or highway while intoxicated is prohibited by section 5579, Code 1930, and is therefore negligence in any case; is culpable if the intoxication of the driver is such as to render him incapable of driving the automobile with the care essential to the safety of persons then in the automobile and of others on or near the street or highway; and at common law (People v. Townsend, 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902, Huddy, Automobile Law, 9-10, p. 90) and under section 1002, Code 1930, a homicide of which it is the direct and proximate cause is manslaughter.

The evidence discloses that an automobile driven by the appellant, and in which were the deceased, Turner, and another, left the public street along which it was being driven, crossed a small ditch, and struck a telephone pole with such violence that the automobile was wrecked, Turner was killed, and the appellant and the

other occupant thereof were slightly injured. The appellant testified that he was driving the automobile at about twenty miles an hour, and that it struck loose gravel, which caused it to skid, leave the street, and strike the telephone pole. Witnesses who examined the street at the place of, and immediately after, the accident, testified that there was no loose gravel there, and no evidence of the automobile having skidded. According to the evidence for the state, which the jury were well warranted in believing, the appellant was intoxicated to the extent of culpability, as hereinbefore defined, and the homicide was caused, not by the skidding of the automobile while it was being carefully driven, but was the direct and proximate result of the appellant's intoxicated condition. The court below committed no error in refusing the appellant's request for a directed verdict.

The instructions granted the state were in accord with the foregoing views, and therefore are unexceptionable.

Affirmed.