WELLS *v.* STATE.

(Division A. March 7, 1932.)

[139 So. 859. No. 29816.]

S. D. Neill, of Indianola, for appellant.

C. E. Johnson, of Union, for appellant.

**W. A. Shipman**, Assistant Attorney-General, for the state.

Argued orally by **S. D. Neill**, for appellant, and by **W. W. Pierce**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellant, Bob Wells, was indicted and convicted on a charge of manslaughter and sentenced to the state penitentiary for a term of ten years. The case rests upon a charge and evidence of culpable negligence in the driving of an automobile at an excessive rate of speed in violation of the law of the road.

On Sunday afternoon, the twenty-fifth day of May, 1931, the appellant, accompanied by a young lady, was driving a Dodge coupe on the highway between the towns of Newton and Decatur, Miss. This highway runs north and south, and at a point at or near the south end of a curve the appellant's automobile collided with a Chevrolet coach which was traveling north on this highway. The Chevrolet coach was being driven by one Halpin Adams, who was accompanied by his sister, Miss Sue Adams, and four or five other people; three of the occupants of the Chevrolet were killed, and all the other occupants of the two automobiles were seriously injured. The indictment and conviction of the appellant was for the death of Miss Sue Adams.

According to the testimony on behalf of the state, the automobile which the appellant was driving at the time and place of the collision was traveling on a curve at the rate of from fifty to sixty miles per hour and was on the left-hand or east side of the highway, which runs north and south, and the Chevrolet coach was traveling at a rate of fifteen or twenty miles per hour on the right-hand side of the highway going north, that is, on the east side thereof. The appellant testified in his own behalf that he was traveling on the right-hand or west side of the road at a speed of not exceeding thirty or thirty-five miles an hour, and that the Chevrolet came

into the curve on the left-hand side of the road going north, that is, the west side, and ran into his automobile. The testimony was sharply conflicting throughout, and there was ample evidence to warrant the jury in finding that the appellant was culpably negligent in the operation of his automobile.

The appellant first complains of an instruction granted to the state which defined an accident as being ''a happening for which no person is responsible.'' Conceding for the purpose of this decision that this definition of an accident is inaccurate and erroneous, we do not think it was reversible error when considered along with the numerous instructions granted the appellant to the effect that a conviction could not be based upon mere negligence, but only on culpable negligence, which was repeatedly defined as being such gross or criminal negligence as evinces a wanton or reckless and utter disregard of the safety and lives of others. The language used in these several instructions defining culpable negligence is much stronger than that approved by this court in the case of Sims v. State, 149 Miss. 171, 115 So. 217, 219, and, as there said, is ''a stronger statement than is generally approved by the courts of this country in cases of manslaughter arising from reckless driving of motor vehicles on the public highways.''

The appellant next complains of certain instructions granted the state which announced the statutory law regulating the operation of motor vehicles on public highways and informed the jury that it was negligence to operate an automobile in violation of these regulations. These instructions merely announced that it was negligence to operate motor vehicles in violation of the laws regulating the use of such vehicles on highways, and did not unduly emphasize any portion of the evidence as contended by counsel, and, in view of the fact that the jury was fully instructed as to the degree of negli-

gence required to sustain a conviction of manslaughter, there was no error committed in granting the instructions complained of.

The appellant next complains of the overruling of the motion for a new trial based upon, among other things, alleged improper communications between a juror and outside parties, and upon improper separation of the jury at night. In support of this motion the appellant offered testimony in an effort to show that, while the jury was considering the case, one of the jurors communicated to a person or persons on the outside how the jury stood by holding up; at a window of the jury room, certain fingers of his hand, and that these signs or signals were received with some demonstrations of approval by certain spectators. That any such sign or signal was given was disputed, and upon the evidence in support of the motion alone the court would have been warranted in finding that there were no prejudicial communications between the jurors and outsiders. As to any irregular separation of the jury, while it was shown that the jurors slept in adjoining rooms at a hotel, which were not directly connected by doors, it was also shown that these rooms opened into a lobby or hallway, and that the two deputies who were in charge of the jury remained at or near the doors of these rooms. There was no evidence which would have warranted the court in finding that there was any irregular or improper separation of the jury during the trial of the case, or any liability or opportunity for the exercise of improper influences on the jury, and there was no error in overruling the motion for a new trial in so far as this point was concerned.

The appellant next complains of certain language used by the district attorney in his closing argument to the jury, which, as set forth in a special bill of exceptions, was as follows: "Gentlemen, the people, and this great company of people present, are waiting to see what you

are going to do about this case; whether you are going to convict the defendant in this case. They want to know whether or not jurors will do their duty in a case of this kind so that they can safely travel the highways of this country.'' When an objection was interposed to this statement of the district attorney, the court said, ''I do not think that is proper argument,'' but did not warn the jury to disregard this statement and argument, and the appellant's counsel made no request that the court do so or take any further action in the matter. We construe this statement by the court as, in effect, sustaining the objection of counsel, and as being not an unusual response of a trial judge in sustaining objections to improper argument. It is certainly more favorable to the objector than the mere announcement that the objection is sustained, as the statement by the court, before the jury, that the argument or statement made by counsel was improper, would more clearly indicate to the jury that the statement should be disregarded by it. The court below did all that counsel requested of it, and the district attorney did not pursue this line of comment further; consequently the appellant cannot now complain of any error in the use of the alleged improper language.

Finally, the appellant assigns as error certain comments of counsel for the state upon the failure of the appellant to call and examine as a witness the young lady who was riding with him at the time of the collision. Conceding that under prior decisions of this court the failure of either party to call a witness equally accessible to both is not a proper subject of comment before the jury by the opposite party, as to which we express no opinion, we do not think the comment made in the argument of this case was reversible error. We find no error which requires or justifies the reversal of this cause, and therefore the judgment of the court below must be affirmed.

Affirmed.