SCOTT *v.* STATE.

(Division A.   Dec. 12, 1938.)

[185 So. 195.   No. 33324.]

Roy Stockdale, of Greenville, for appellant.

W. D. Conn., Jr., Assistant Attorney-General, for the State.

**McGowen, J.,** delivered the opinion of the court.

Appellant was convicted in the county court of Washington County of manslaughter, in that he struck with an automobile, and fatally injured, John Emerson. The indictment and cause had been transferred to the county court by the circuit court. Appellant was sentenced to serve a term of three years in the state penitentiary, and from said judgment appeals here.

On Sunday morning, July 4, 1937, John Emerson was killed by an automobile driven by appellant. The accident occurred at the intersection of Washington and Poplar Streets. Washington Street runs east and west, Poplar Street north and south. At the center of the intersection there was the usual traffic light flashing red to stop and green to go at intervals.

The main state witness, Hiler, was driving east on Washington Street and had stopped his car at the intersection waiting for the light to turn from red to green.

As the light so changed, he signalled for a left turn which would place him then as going north on Poplar Street. Just as he entered the intersection, a 1937 Plymouth Sedan, driven by the appellant, came up and undertook to pass the Hiler car and also to make a left turn to go north on Poplar Street. Instead of making the turn, the evidence indicates the appellant was driving at such speed that he did not negotiate the turn, ran up on the sidewalk at the northeast corner of the intersection, struck Emerson who was on the sidewalk, and then crashed head-on into a telephone post located a few feet north of the corner and on the east side of Poplar Street

Emerson was taken to a hospital and finally died some ninety-eight days later from a blood infection resulting from the bruises and concussions which he suffered when he was struck by the automobile.

Another witness for the state, who was on the sidewalk just a few feet north of the post which the car struck, testified that appellant reached the intersection as the light was changing to green and that he never did stop. He saw no other car. On the other hand, the defendant testified that he came to a complete stop, and at the time of the accident had not shifted out of low gear. He stated that he was not running over fifteen or twenty miles an hour at the time. He was the only witness who gave an estimate of his speed at the time of the accident. He testified that the car ahead of him gave no left turn signal, and that as he went out into the intersection the car driven by Hiler struck him somewhere on the right rear of his car and caused him to lose control of his automobile; contradicting Hiler as to the signal, and Hiler also denied striking appellant's car.

Hiler's testimony was that because of the speed at which appellant was driving he could not make the turn and lost control of his car. Shortly after the accident appellant stated to an officer that he was driving too fast.

There are several assignments of error, but we will notice only one. In the court below appellant requested

and was denied a peremptory instruction which we think was error and should have been granted by the court.

Section 1002 of the Code of 1930 under which the indictment was drawn in this case is as follows: "Homicide —all other killings.—Every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this chapter, shall be manslaughter."

In Shows v. State, 175 Miss. 604, 168 So. 862, we held that culpable negligence within the meaning of the statute is that degree of negligence or carelessness which is denominated as gross negligence and which constitutes such a departure from what would be the conduct of an ordinarily careful and prudent man under same circumstances as to furnish evidence of indifference to consequences. See, also, Sims v. State, 149 Miss. 171, 115 So. 217; Gregory v. State, 152 Miss. 133, 118 So. 906; and Robertson v. State, 153 Miss. 770, 121 So. 492. The facts as detailed in this case show that the appellant was probably driving somewhat faster than the people usually drive in this state, and because of the turn, and in order to avoid collision, he lost control of his car, ran over the deceased, and struck a post near the sidewalk. This was simple or mere negligence. In all of these cases cited, we have held that criminality cannot be predicated upon mere negligence or carelessness. This tragedy is unfortunate, but we cannot hold that driving fifteen or twenty miles an hour at intersections of streets is such gross negligence as would constitute culpable negligence, nor can we say that appellant's action, as shown by the evidence for the state, is such a departure from what would be the conduct of an ordinarily careful and prudent man under the same circumstances as to furnish evidence of indifference to consequences.

This opinion is based upon the evidence for the state and all fair inferences deducible therefrom.

The cause is reversed and the appellant is discharged.

Reversed, and appellant discharged.