PEOPLE *v.* WARDELL.

1. HOMICIDE—INVOLUNTARY MANSLAUGHTER.

   Involuntary manslaughter is the killing of another without malice and unintentionally but in doing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself, or by the negligent omission to perform a legal duty.

2. SAME—GROSS NEGLIGENCE.

   The term ''gross negligence'' as used in the guest passenger act, there used as synonymous with wilful and wanton misconduct, has no application in a case of involuntary manslaughter arising when an unlawful act is committed (1 Comp. Laws 1929, § 4648).

3. SAME — INVOLUNTARY MANSLAUGHTER — GROSS NEGLIGENCE — INSTRUCTIONS—REQUESTS TO CHARGE.

   In prosecution for involuntary manslaughter of person standing in a safety zone by operation of defendant's automobile at an excessive rate of speed while he was under the influence of intoxicating liquor, instruction which in effect required that in order for jury to find defendant guilty of involuntary manslaughter it was necessary for them to find that he was guilty of committing an unlawful act as well as being guilty of gross negligence and that said act or gross negligence was the proximate cause of the death gave defendant ample protection, as requirement that he be found guilty of gross negligence was inapplicable under the circumstances, and request to charge embodying such requirement was properly refused.

Appeal from Recorder's Court of Detroit, Traffic and Ordinance Division; Maher (Thomas F.), J. Submitted June 15, 1939. (Docket No. 121, Calendar No. 40,552.) Decided October 20, 1939. Rehearing denied December 20, 1939.

Harvey Wardell was convicted of involuntary manslaughter. Affirmed.

*Samuel L. Weller* (*Albert Summer,* of counsel), for appellant.

*Thomas Read,* Attorney General, *Duncan C. Mc-Crea,* Prosecuting Attorney, *William L. Brunner, Richard V. Nahabedian,* and *Clifford J. Bird,* Assistant Prosecuting Attorneys, for the people.

SHARPE, J.  Defendant, Harvey Wardell, on April 14, 1938, was convicted of the offense of involuntary manslaughter by the operation of an automobile. The information charged the defendant with having caused the death of Leona Proctor while operating an automobile at an excessive rate of speed and while under the influence of intoxicating liquor, and while Leona Proctor was standing in a safety zone.

Defendant appeals and complains of the following instructions given to the jury:

"Before the defendant may be found guilty of wilfulness or wantonness and recklessness, three necessary elements must be found:

"1.   Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.

"2.   Ability to avoid a resulting harm by ordinary care and diligence in the use of the means at hand.

"3.   The omission to use such care and diligence to avert the threatened danger when, to the ordinary mind, it must be apparent that the result is likely to prove disastrous.

"To warrant a conviction in this case under the charge of involuntary manslaughter, the negligence of the accused, if there was negligence on his part, must have been the proximate cause of the death of the deceased, and must have been characterized by such a degree of culpable negligence as to amount to gross negligence, and this is the question for you to decide. * * *

"For the purpose of clearly fixing in your mind
what the crime of involuntary manslaughter consists
of, I will define it again for you; it is the unin-
tentional killing of a person in the commission of an
unlawful act, less than a felony, without any inten-
tion to do so, in an unlawful manner of an unlawful
act, which probably would produce such circum-
stances, coupled with gross negligence. For exam-
ple, driving a car while under the influence of intoxi-
cating liquors, where death results, is sufficient, I
believe, and goes to make up the offense known as
involuntary manslaughter; driving through a stop
street where properly and duly designated signs
have been placed, where death results."

And of the failure of the trial court to give the
following instructions as requested by defendant:

"I charge you, ladies and gentlemen, that the of-
fense of manslaughter is not shown if the people
show that on the day in question the acts of the
defendant were merely slightly different from those
of a person of ordinary prudence under the same or
similar circumstances, or if the acts of the defendant
are the result of inadvertence, thoughtlessness, or
inattention. The offense of manslaughter is not
made out short of showing on the part of the defend-
ant wilfulness and wantonness, and a knowing dis-
regard for the consequence of his acts. If the people
have failed to prove to you beyond a reasonable
doubt that the defendant's acts were wilful and
wanton, then you may not find him guilty of man-
slaughter. * * *

"I charge you, ladies and gentlemen of the jury,
that you may not infer that the defendant's acts
were wilful and wanton because the results of his
acts may have been dire and shocking."

In *People* v. *Ryczek*, 224 Mich. 106, we defined
"involuntary manslaughter" as follows:

"Involuntary manslaughter is the killing of an-
other without malice and unintentionally, but in do-

ing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself, or by the negligent omission to perform a legal duty."

See, also, *People* v. *Townsend,* 214 Mich. 267 (16 A. L. R. 902).

In the case at bar the instructions given to the jury were upon the theory of manslaughter committed by doing an unlawful act as distinguished from the doing of a lawful act in a grossly negligent manner.

In *People* v. *Townsend, supra,* we said:

"The distinction between involuntary manslaughter committed while perpetrating an unlawful act not amounting to a felony and the offense arising out of some negligence or fault in doing a lawful act in a grossly negligent manner and from which death results must be kept in mind upon the question of pleading."

See, also, *People* v. *Maki,* 245 Mich. 455.

The trial court also gave the following instruction:

"In order to find the defendant guilty of involuntary manslaughter in this case, you must, from the testimony, determine whether or not the defendant was guilty of gross and culpable negligence in the operation of his motor car, and that such gross negligence in the operation of his motor car was the proximate cause of the [death of the] deceased, Leona Proctor. * * *,

"Gross negligence means something more than ordinary negligence, and something more than heedlessness, thoughtlessness, and inattention. It means wantonness or disregard of the consequences which may result or ensue, and an indifference or disregard of the rights of others, that is equivalent to a criminal intent."

Defendant contends that the charge given by the trial court is not tenable in that involuntary manslaughter is defined in terms of negligence and not in terms of wilfulness; that the decisions under the so-called guest passenger act (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446]) define the nature of the misconduct; that manslaughter in effect requires the finding of conduct on the defendant's part equivalent to an assault; and that if the defendant's conduct is characterized by negligence, however culpable, then a verdict of involuntary manslaughter would not be justified.

We are not in accord with the theory of defendant. The term ''gross negligence'' as defined in the so-called guest passenger act has no application in a case of manslaughter arising when an unlawful act is committed.

In *Riley* v. *Walters,* 277 Mich. 620, 631, we said:

''The term 'gross negligence' as used in a majority of the cases where the term has been defined in this State has no application to the term as ordinarily used under the guest statute where it is used as synonymous with wilful and wanton misconduct.''

See, also, *Olszewski* v. *Dibrizio,* 281 Mich. 423 (2 N. C. C. A. [N. S.] 456).

And for cases defining civil and criminal negligence see: *People* v. *Barnes,* 182 Mich. 179; *People* v. *Schwartz,* 215 Mich. 197; *People* v. *McMurchy,* 249 Mich. 147.

Defendant claims error on the failure of the trial court to give certain requests to charge as are hereinbefore mentioned. We have examined the requests to charge as offered by defendant and, considering them in connection with the entire charge given, are led to the conclusion that it was not error to fail to give the requested instructions. In effect the jury

was told that in order for them to find the defendant guilty of involuntary manslaughter it was necessary for them to find that he was guilty of committing an unlawful act as well as being guilty of gross negligence and that said act or gross negligence was the proximate cause of the death of Leona Proctor.

Such instructions gave defendant ample protection and the conviction is affirmed.

WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred with SHARPE, J. BUTZEL, C. J., concurred in the result.