CUTSHALL v. STATE.

(In Banc. Oct. 13, 1941.)

[4 So. (2d) 289. No. 34456.]

Clark & Clark, of Iuka, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was convicted upon a charge of manslaughter predicated of alleged culpable negligence in the operation of an automobile truck upon the highway. The deceased was assisting in the operation of a motor truck equipped with a water tank and sprinkling device, his special duty being to remain afoot closely behind the device to warn and direct motorists approaching from the rear. The highway was rough and certain signs and signals had been placed at various points indicating its condition. The testimony justifies a finding that appellant was traveling in the same direction as the sprinkler truck, and at a rate of from 55 to 60 miles per hour; that appellant was under the influence of intoxicating liquor; and

that appellant negligently ran into and killed deceased. Various issues arose as to the facts and the assignment of errors includes admission of testimony, sufficiency of the evidence, and allowance of intructions. Without rehearsing the testimony in greater detail, we content ourselves with the concession that the evidence, regardless of our views thereon, was sufficient to present an issue of culpable negligence.

The only assignment of error in which we find any merit involves the giving of instruction number 3 for the state. It is as follows:

"The Court charges the jury for the State that it is a violation of the criminal laws of the State of Mississippi for a person to operate a motor vehicle on a public highway while under the influence of intoxicating liquor; and if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Floyd Cutshall, unlawfully operated the pickup truck on public highway number 72 at a time when he was under the influence of intoxicating liquor, and in a manner constituting culpable negligence as defined in State instruction number 2, and that as a proximate result thereof Spangler Gregson was killed, then it is your sworn duty to find the defendant guilty as charged."

The indictment was in the statutory form of manslaughter charging that the defendant ". . . did unlawfully and feloniously kill and slay one Spangler Gregson, a human being . . ." This was sufficient. Code 1930, sec. 1211; Bradford v. State, 158 Miss. 210, 127 So. 277. The prosecution was conducted under Code 1930, sec. 1002, which is as follows:

"Every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this chapter, shall be manslaughter." Culpable negligence was at once the basis of the prosecution and the gauge as to the evidence. State v. Ruffin, 344 Mo. 301, 126 S. W. (2d) 218, 221. The instructions were likewise drawn in conformity

with this theory. Culpable negligence as contemplated by the statute was defined in the second instruction given to the State as "that degree of negligence which is denominated as gross, and which constitutes such a departure from what would be the conduct of an ordinarily careful and prudent man under the same circumstances as to furnish evidence of indifference to consequences . . ." The definition imports conduct reasonably calculated to injure others and creating notable and apparent potentialities for the causing of death or great injury to others. See Bell v. Commonwealth, 170 Va. 597, 195 S. E. 675; State v. Gutheil, 98 Utah 205, 98 P. (2d) 943.

The driving of a vehicle by one who is under the influence of intoxicating liquor is a misdemeanor. Sec. 49, ch. 200, Laws 1938. The driving of an automobile while in this condition is therefore per se negligence. Williams v. State, 161 Miss. 406, 137 So. 106. But this does not mean that such evidence constitutes a prima facie case of manslaughter. See Wilson v. State, 173 Miss. 372, 161 So. 744; Wells v. State, 162 Miss. 617, 139 So. 859; State v. Thomlinson, 209 Iowa 555, 228 N. W. 80; State v. Clark, 196 Iowa 1134, 196 N. W. 82; People v. Wardell, 291 Mich. 276, 289 N. W. 328.

For us to so hold would be judicial legislation. If it be a desirable expedient it should commend itself to the judgment of the legislative department. Although a jury may find that the conduct of the operator constitutes gross negligence, the violation of the statute is not culpable negligence per se within the definition of Section 1002. State v. Campbell, 82 Conn. 671, 74 A. 927, 135 Am. St. Rep. 293, 18 Ann. Cas. 236; People v. Falkovith, 280 Ill. 321, 117 N. E. 398, Ann. Cas. 1918B, 1077; State v. Clark, 196 Iowa 1134, 196 N. W. 82; Crisp v. State, 21 Ala. App. 449, 109 So. 282.

It must be kept in mind that appellant is here prosecuted not for driving while under the influence of intoxicating liquor but for culpable negligence. These are

separate offenses for which one could be separately prosecuted and neither prosecution would bar the other. See State v. Sisneros, 42 N. M. 500, 82 P. (2d) 274; People v. Townsend, 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902; 8 R. C. L. 147; Holland v. State, 123 Fla. 142, 166 So. 468. In a prosecution for manslaughter referable to culpable negligence, intoxication could be a relevant evidential factor. Yet it is not as controlling that the defendant in manslaughter was violating the traffic laws as that he was in fact culpably negligent. One may be negligent while acting lawfully. State v. Biewen, 169 Iowa 256, 151 N. W. 102; Commonwealth v. Amatucci, 29 Del. Co. R., Pa., 160. One may violate the law and yet not be culpably negligent in fact. Commonwealth v. Aurick, 138 Pa. Super. 180, 10 A. (2d) 22; People v. Warner, 27 Cal. App. (2d) 190, 80 P. (2d) 737; Commonwealth v. Williams, 133 Pa. Super. 104, 1 A. (2d) 812. It is sufficient in a prosecution for the misdemeanor that the defendant be driving while under the influence of liquor. No injury need be shown. For it to be a factor in a case involving culpable negligence it must create an abnormal mental and physical condition which tends to deprive one of the clearness of intellect and control of himself which he would otherwise possess. Commonwealth v. Buoy, 128 Pa. Super. 264, 193 A. 144; Steffani v. State, 45 Ariz. 210, 42 P. (2d) 615. In order for the influence of intoxicating liquors to be a factor in showing criminally culpable negligence it must contribute proximately both to the establishment of such negligence and to the resultant death. Scott v. State, 183 Miss. 788, 789, 185 So. 195; People v. Goodale, 33 Cal. App. (2d) 80, 91 P. (2d) 163; Hiller v. State, 164 Tenn. 388, 50 S. W. (2d) 225; Cockrell v. State, 135 Tex. Cr. R. 218, 117 S. W. (2d) 1105.

While the operation of automobiles by those under the influence of intoxicating liquor constitutes a growing menace and is deserving of universal censure and legislative condemnation, yet in a prosecution for manslaughter based upon the culpable negligence of a driver it is

the fact that the driver is under the influence of liquor which is important and not the incident that it constitutes a misdemeanor. It is not the fact but the effect of the intoxication which is relevant. That such conduct is negligence is material; that it is a criminal offense is not. If it were true that driving while under the influence of intoxicating liquor was per se culpable and criminal negligence the case would be different. But such is not the law in this state. We are not here dealing with a civil case where the fact of violation of a traffic law would create a prima facie case of simple negligence. Culpable negligence connotes a distinct quality of recklessness from simple or gross negligence in civil cases. Wells v. State, 162 Miss. 617, 139 So. 859; Scott v. State, 183 Miss. 788, 185 So. 195; State v. Ruffin, 344 Mo. 301, 126 S. W. (2d) 218; 29 C. J. 1154.

The jury were warranted in taking into account any mental and physical condition which they found due to the influence of intoxicating liquor. But it was only an incident or an attendant condition that he was subject to prosecution for this misdemeanor. Conceding but not deciding that the state could in its instruction hypothesize all factors of defendant's conduct such as speed, intoxication or other traffic violations as bases for a finding of culpable negligence it is prejudicial error to characterize them as crimes so as to place the jury in the position of finding the defendant guilty of one crime because guilty of another.

Bradford v. State, 158 Miss. 210, 127 So. 277, 279, involves a similar charge and presents substantially similar facts. The trial court granted an instruction setting forth a prohibition of our Motor Vehicle Law against exceeding a given speed limit in sections closely built up contiguous to a highway. While its error was declared to be that no evidence justified its allowance, it was seen also as a mere abstraction and was held to be ''erroneous and prejudicial.'' So the incident that the conduct of a defendant would constitute a violation of the

criminal laws rather than that it would constitute negligence is subject to the same objection.

In Wells v. State, 162 Miss. 617, 139 So. 859, 860, an instruction announced the law regulating the operation of motor vehicles on the highway and stated that it was negligence to fail to observe them. The instruction was held not error because it "did not unduly emphasize any portion of the evidence." The instruction here questioned is not free from this objection. It is much as if the court had charged that "if the defendant was guilty of culpable negligence, as defined, you may so find, and as a further reason for conviction you may take into account that he was, in any event, guilty of drunken driving." The vice of the instruction consists in emphasizing intoxication as constituting defendant a criminal rather than in appraising the conduct as negligence, and thereby overloading the defendant with a mere abstraction to his prejudice.

In most of those states which include in a definition of manslaughter all cases where death results while and because the defendant is committing an unlawful act it is so prescribed by statutes so declaring. Appellant's guilt under the indictment and supporting testimony may be shown not by evidence that he was violating the law nor that death was caused while he was under the influence of intoxicating liquor, but because of such condition, present to an extent constituting culpable negligence. State v. Ruffin, supra.

The inclination to condemn the growing tendency to operate vehicles while intoxicated should not be curbed. But this laudable sentiment should not find outlet in intimations to the jury to use the occasion to denounce a practice by convicting a defendant of that with which he is not charged. One who is guilty of driving while under the influence of intoxicating liquor may be deprived of his right to drive upon the highways but not of his right to a fair and impartial trial under due process. .

The error in giving of this instruction was not harmless.

Reversed and remanded.

## DISSENTING OPINION.

**Anderson, J.,** delivered a dissenting opinion.

The State made the following case, which was amply supported by the evidence: Deaton and the deceased, employes of the State Highway Department, were engaged in sprinkling the east and west graveled highway entering Iuka. They were using a public highway truck which was properly lighted both in the front and rear, and, in addition, the deceased was following along with a flashlight warning the traveling public of the presence of the truck. The highway is twenty-one feet wide, the standard width, and, in addition, it has on each side five-foot shoulders. The width, therefore, was ample for the passage of motor vehicles of any size in common use. At the time of the collision and injury, the truck was going west at a speed of from three to four miles an hour. It was on its right-hand side of the highway. Appellant and his traveling companion, Pruitt, were going in the same direction in a pick-up truck. Appellant was driving; they were going at a rate of from fifty-five to sixty miles an hour. It was eleven o'clock at night. They knew they had struck the deceased but made no inquiry as to the result, and continued driving on. Appellant and his companion Pruitt had been drinking gin, homebrew, and beer all that day. The sheriff of the county arrested appellant a short while after the homicide. He testified that appellant was drinking heavily. Appellant's companion, Pruitt, testified that appellant was half drunk.

It is at once manifest that this evidence made a case of homicide as a result of culpable negligence.

There was no harmful error in the instructions for the state. In several of them culpable negligence was described not only correctly but in clear terms. The reversal of the judgment on account of the giving of In-

struction 3 for the state is, in my opinion, groundless. It did not in the remotest degree authorize the jury to find the appellant guilty on the ground alone that he was intoxicated. That part of the instruction is in this language: "at a time when he was under the influence of intoxicating liquor, *and in a manner constituting culpable negligence as defined in State Instruction No. 2.*" (Emphasis mine.) In short, the jury were told that if the evidence showed beyond a reasonable doubt that appellant operated the truck when he was under the influence of intoxicating liquor "and in a manner constituting culpable negligence," they would be authorized to find him guilty. It seems that in plain language the jury were told that intoxication alone was not sufficient to authorize a verdict of guilty.

**Smith, C. J.,** concurs in this dissent.