289 So.2d 690 (1974)
Freddie Mae FRAZIER
v.
STATE of Mississippi.
No. 47678.
Supreme Court of Mississippi.
February 4, 1974.
*691 Thomas L. Booker, Philadelphia, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Freddie Mae Frazier (defendant) was convicted of manslaughter by culpable negligence by the Circuit Court of Neshoba County and sentenced to serve six years in the penitentiary.
Stated in the light most favorable to the State, the material facts are as follows. Defendant, a female Choctaw Indian, and Everett Sam, also a Choctaw, were at the 16-Drive-Inn in the afternoon. Everett Sam was "heavily intoxicated," and defendant had been drinking but was not intoxicated. Sam offered to take defendant riding in his car, but she refused to go unless she drove th ecar. Sam agreed and defendant drove away with Sam sitting beside her. She was an experienced driver but had no driver's license. Shortly thereafter, Sam put his hand on the gear shift and then decided he wanted to drive. He grabbed the steering wheel several times and finally pulled the steering wheel to the right so that the car ran off the road to the right. Defendant struggled to regain control of the car and in doing so caused the car to turn suddenly to the left when she lost control. The car then crossed into the left lane of traffic and collided with a car being driven by Mrs. Edith McMillan. Mrs. McMillan and two of her passengers were killed.
The State relied upon the statement given by defendant to Mrs. McMillan's husband and another statement given by defendant to officers through an interpreter. Everett Sam did not testify. Thus the defendant's version of what caused her to drive on the wrong side of the highway is the only proof offered on that factual question. There is no proof that defendant was speeding or that she was driving recklessly prior to the time Sam tried to take control of the car.
The determinative question is whether defendant was entitled to a directed verdict of acquittal, or, to state it differently, whether the proof was sufficient to establish beyond a reasonable doubt that Mrs. McMillan died as a proximate result of defendant's culpable negligence. This question has several points of inquiry.
1. What is culpable negligence within the meaning of the statute?
The statute under which defendant was indicted is Mississippi Code 1942 Annotated section 2232 (1956) [§ 97-3-47, Miss. Code Ann. (1972)], as follows:
Every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title, shall be manslaughter.
The landmark case of Smith v. State, 197 Miss. 802, 20 So.2d 701, 161 A.L.R. 1 (1945), construed this statute and laid down the rule that culpable negligence is such negligence as to evince a wanton or reckless disregard for the safety of human life, or such indifference to the consequences of the defendant's act under the surrounding circumstances as to render his conduct tantamount to wilfulness; that manslaughter should not be predicated on an indifference to just any consequences, but a disregard to the safety of human life is a necessary factor in every crime of manslaughter through culpable negligence; in short, culpable negligence should be defined as requiring proof beyond a reasonable *692 doubt of the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as a result of the wilful creation of an unreasonable risk thereof.
2. As a matter of law do the facts and all reasonable inferences that may be drawn therefrom bring this case within the rule hereinabove stated?
If defendant was guilty of culpable negligence, such guilt must be grounded on one or a combination of the following acts: (a) driving after drinking intoxicating liquor, (b) driving without a license, and (c) driving with a heavily intoxicated passenger.
(a) In Cutshall v. State, 191 Miss. 764, 4 So.2d 289 (1941), the Court stated that driving under the influence of liquor is a misdemeanor but "[f]or it to be a factor in a case involving culpable negligence it must create an abnormal mental and physical condition which tends to deprive one of the clearness of intellect and control of himself which he would otherwise possess... In order for the influence of intoxicating liquors to be a factor in showing criminally culpable negligence it must contribute proximately both to the establishment of such negligence and to the resultant death." 191 Miss. at 772, 4 So.2d at 292.
There is no proof that defendant's drinking resulted in an abnormal mental or physical condition that tended to deprive her of the clearness of intellect and self-control which she would otherwise have possessed. In other words there is a total lack of proof that her drinking was a proximate cause of the death of Mrs. McMillan. As said in Gant v. State, 244 So.2d 18 (Miss. 1971), the testimony only creates a suspicion that defendant was intoxicated, and this is not sufficient to warrant a conviction of manslaughter.
(b) There is likewise a lack of any proof that defendant's driving without a license proximately contributed to the collision. The proof showed she had been driving for years but had no license. There is no proof that she was an incapable driver.
(c) Defendant knew that Everett Sam was heavily intoxicated. That was the reason she refused to ride in the car with him driving. Nor can there be any doubt that Everett Sam's irrational act of grabbing the steering wheel was the immediate and efficient cause of defendant losing control of the car. Sam first "began to fool with the gear shift." This disturbed defendant who asked Sam why he was doing that, and he told her to drive on, "I know what I do." She drove on seven or eight hundred yards when Sam took hold of the steering wheel, took it away from her and jerked the car out of control. We fail to find any reason or authority for the proposition that driving with an intoxicated passenger constitutes culpable negligence. There is no proof that defendant should have anticipated as a reasonable probability that Everett Sam would cause her to lose control of the car. The proof indicates that she had no opportunity to discontinue driving after Sam tried to take control of the car.
After careful consideration of all aspects of this case, we find that the State failed to establish defendant's guilt. This Court is fully aware of the growing menace of the intoxicated driver, and we fully concur in the growing tendency to condemn drunken drivers. However, these laudable sentiments should not find outlet in convicting an automobile driver who is involved in a fatal accident merely because liquor is injected into the case. The defendant must still have a fair and impartial trial under due process. Cf. Cutshall v. State, supra. There was no proof that defendant's drinking proximately caused Mrs. McMillan's death; there was ample proof that Everett Sam's intoxication did.
Reversed and defendant discharged.
INZER, ROBERTSON, WALKER and BROOM, JJ., concur.