379 So.2d 514 (1979)
Barry Joe ROBERTS
v.
STATE of Mississippi.
No. 51552.
Supreme Court of Mississippi.
December 5, 1979.
*515 J.W. Kellum, Sumner, for appellant.
A.F. Summer, Atty. Gen. by Calvin Coolidge Williams, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Barry Joe Roberts was convicted in the Circuit Court of Tallahatchie County of manslaughter by culpable negligence and was sentenced to twenty (20) years in the Mississippi State Penitentiary. He appeals and assigns two (2) errors in the trial below.

I.
Did the trial court err in overruling appellant's motion for a peremptory instruction of not guilty?
In passing on this question, the Court considers all evidence favorable to the State, together with reasonable inferences flowing therefrom, and, if such evidence is sufficient to present a guilt question for the jury, the peremptory instruction should be refused. Warn v. State, 349 So.2d 1055 (Miss. 1977).
On August 6, 1977, at approximately 7:00 p.m., Mrs. Mary Ella Bonner was driving her pickup truck in a southerly direction on Mississippi State Highway 35 between Charleston and Batesville. Two (2) other persons were riding in the cab of the truck with her, and five (5) children were riding in the bed of the truck. Appellant was driving an automobile in a northerly direction on said highway and, as the two vehicles approached each other, appellant's automobile ran off the east side of the highway, came back upon it and collided with the Bonner truck in the southbound lane of travel. Brenda Gail Bonner, ten-year-old daughter of Mrs. Mary Ella Bonner, sustained a broken neck in the collision and expired at the scene.
Mrs. Louise Goad, who operated a store which dispensed alcoholic beverages, testified that, at approximately 5:30 p.m. on the date of the accident, appellant purchased beer for himself and a companion and also a six-pack of beer to carry with them. She observed that appellant had been drinking excessively at that time.
Mr. E.J. Dungan, a former law enforcement officer, saw appellant at approximately 6:45 p.m. on said day, driving north on Highway 35 at a high rate of speed, which he estimated at ninety (90) miles per hour. He went to the scene of the accident, observed the position of the cars and debris, and that appellant's eyes were red. However, he did not testify that appellant was intoxicated.
Reverend W.T. Barkley and Margaret Barkley, his wife, were proceeding south on Highway 35 directly behind Mrs. Bonner's truck before, and at the time of, the collision. He said that appellant's car ran off the highway, turned sideways, came back upon it, turned sideways again, and collided with the Bonner truck in the southbound lane. He walked over to appellant's car and "It smelled like it was a beer truck wreck rather than a car." Mrs. Barkley corroborated her husband as to the details of the collision.
*516 Mrs. Mary Ella Bonner testified that, as she was driving her truck south upon the highway, she saw appellant's car approaching at an extremely high rate of speed, the car left the highway, swerved back upon it, went into a spin, and collided with her truck in the southbound lane of travel.
Thomas McLeod, Mississippi State Highway patrolman, went to the scene for the purpose of investigating the collision. He detected the odor of alcohol on appellant, who was unstable in his walking, was glassy-eyed and appeared to be under the influence of alcohol. Officer McLeod asked him what he was drinking, and appellant replied, "Well, I have been drinking beer all afternoon." McLeod was of the opinion that appellant's ability to operate a motor vehicle was impaired as a result of intoxication.
Appellant testified that he leaned over to pick up a tape for his tape player, which had fallen to the floorboard, and, in doing so, lost control of the vehicle, which resulted in the collision.
Culpable negligence, as defined by the Court, is negligence that is so gross and wanton as to evidence an utter disregard for the safety of human life. Smith v. State, 197 Miss. 802, 20 So.2d 701 (1945).
The fact that a person is intoxicated may be shown as a contributing factor to the collision. In the present case, it was the jury's prerogative to determine whether or not appellant's condition from drinking alcoholic beverages contributed to the tragedy, particularly since the highway patrolman testified that, in his opinion, appellant's driving ability was impaired by alcohol. Under the facts of this case, there was a question for the jury as to whether or not appellant's conduct was so gross and wanton as to come within the culpable negligence rule stated above.

II.
Did the trial court err in granting the State's Instructions S-1 and S-2?
The instructions offensive to the appellant follow:
"S-1
The Defendant, BARRY JOE ROBERTS, has been charged by an Indictment with the crime of Manslaughter for having by his culpable negligence caused the death of BRENDA BONNER.
If you find from the evidence in this case beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with innocence that
(a) The deceased, BRENDA BONNER, was a living person; and
(b) That she died as a result of the Defendant's gross negligence demonstrating a reckless disregard for the safety of human life in operating a motor vehicle in a reckless manner, while under the influence of an intoxicant or alcoholic beverages, on the wrong side of Highway No. 35N, while his operator's license had been revoked or suspended by the Department of Public Safety, and in hitting and striking a vehicle in which the Deceased was a passenger with the vehicle operated by the Defendant, then you shall find the Defendant guilty of Manslaughter.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with innocence, then you shall find the Defendant not guilty."
"S-2
Culpable negligence is, as used in these instructions, conduct which exhibits or manifests a wanton or reckless disregard for the safety of human life, or such indifference to the consequences of the Defendant's act under the surrounding circumstances as to render his conduct tantamount to wilfulness."
Appellant relies upon Cutshall v. State, 191 Miss. 764, 4 So.2d 289 (1941), as authority that the instructions constitute error. An instruction on intoxication was given in Cutshall and condemned as error. The instruction stated:

*517 "`The Court charges the jury for the State that it is a violation of the criminal laws of the State of Mississippi for a person to operate a motor vehicle on a public highway while under the influence of intoxicating liquor; and if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Floyd Cutshall, unlawfully operated the pickup truck on public highway number 72 at a time when he was under the influence of intoxicating liquor, and in a manner constituting culpable negligence as defined in State instruction number 2, and that as a proximate result thereof Spangler Gregson was killed, then it is your sworn duty to find the defendant guilty as charged.'" 191 Miss. at 770, 4 So.2d at 291.
The error in the above instruction resulted from the fact that the court told the jury it could return a guilty verdict of manslaughter by culpable negligence if Cutshall was guilty of driving while under the influence of intoxicating liquors. As stated in Cutshall, a person may violate a traffic law and still not be culpably negligent and guilty of manslaughter, and, on the other hand, even though one does not violate the law yet he may be culpably negligent and guilty of the crime.
The Instruction S-1 differs from that condemned in Cutshall. Instruction S-1 (which placed a higher burden upon the State by requiring it to prove appellant's guilt to the exclusion of every other reasonable hypothesis) submitted to the jury the question of whether or nor appellant was guilty of gross negligence demonstrating a reckless disregard for the safety of human life in operating a motor vehicle in a reckless manner while under the influence of alcoholic beverages. The Instruction S-2 defined "culpable negligence" and was a proper statement of the law. Cutchens v. State, 310 So.2d 273 (Miss. 1975). Also, the appellant requested and was granted an instruction which was similar to S-2 in defining culpable negligence, and was similar to S-1(b) in the definition of culpable negligence.
We are of the opinion that no error resulted in the granting of said instructions and that the judgment of the lower court should be affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.