672 So.2d 1222 (1996)
MISSISSIPPI ETHICS COMMISSION
v.
COMMITTEE ON PROFESSIONAL RESPONSIBILITY OF the MISSISSIPPI BAR.
No. 92-B-00472-SCT.
Supreme Court of Mississippi.
April 11, 1996.
*1223 Michael C. Moore, Attorney General, Jackson, Larry E. Clark, Assistant Attorney General, Jackson, for petitioner.
Michael B. Martz, Jackson, for respondent.
En Banc.

ON MOTION TO QUASH SUBPOENA
PITTMAN, Justice, for the Court:

I. INTRODUCTION
In this case we have supposedly conflicting interest of a Supreme Court designated committee and a state agency involving civil procedure, evidentiary rules, and constitutional law. The Committee on Professional Responsibility of the Mississippi Bar is petitioning this Court to affirm the issuance of a subpoena against the Mississippi Ethics Commission. There are three issues to be addressed:
1) DOES THE COMMITTEE ON PROFESSIONAL RESPONSIBILITY HAVE THE AUTHORITY TO ISSUE A SUBPOENA ITSELF, OR MUST IT OBTAIN A SUBPOENA THROUGH THE CLERK OF THIS COURT?
2) DOES MISS. CODE ANN. § 25-4-23 (1991 REV.) VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE MISSISSIPPI CONSTITUTION?
3) DOES THE PRIVILEGE OF CONFIDENTIALITY PROTECTING THE MISSISSIPPI ETHICS COMMISSION'S INVESTIGATIONS EXTEND TO MATERIAL IN THE PUBLIC DOMAIN THROUGH THE MISSISSIPPI ETHICS COMMISSION'S LITIGATION?

II. STATEMENT OF FACTS
This controversy arises over the Committee on Professional Responsibility's attempt, on May 2, 1992, to issue a subpoena against the Mississippi Ethics Commission. This subpoena required that the Mississippi Ethics Commission to produce records and files for review by the Committee, and for the Executive Director of the Mississippi Ethics Commission to be deposed by the Committee. The information requested concerned the activities of a state legislator who was also an attorney. The activities allegedly *1224 involved the association of this attorney with governmental and quasi-governmental bodies that potentially violated the Mississippi Rules of Professional Conduct as adopted by the Supreme Court of Mississippi.
The Mississippi Ethics Commission responded with a motion to quash the Committee on Professional Responsibility's subpoena, on the ground that investigative files of the Mississippi Ethics Commission were confidential, under the Ethics in Government Act. Miss. Code Ann. § 25-4-23 (1991 rev.). However, the record reflects that some of this material has apparently been used in actions against this attorney/legislator.

III. ANALYSIS

1) DOES THE COMMITTEE ON PROFESSIONAL RESPONSIBILITY HAVE THE AUTHORITY TO ISSUE A SUBPOENA ITSELF, OR MUST IT OBTAIN A SUBPOENA THROUGH THE CLERK OF THIS COURT?
The Rules of Discipline for the Mississippi State Bar, regarding investigations of attorney misconduct, designate the Committee on Professional Responsibility as an agency of the Court. Indeed, the Committee is referred to as a special master of the court and the Committee is to function as a grand jury in matters of attorney discipline. See Rules of Discipline for the Mississippi State Bar 3(c). The Court under these rules refers to the Supreme Court of Mississippi. Rules of Discipline for the Mississippi State Bar 1(a). All agencies of the Court who wish to issue subpoenas must apply to the Clerk of this Court to issue the needed subpoena. Rules of Discipline for the Mississippi State Bar 2(a).
In this case, the Committee on Professional Responsibility inexplicably issued the subpoena itself, instead of applying for a subpoena from the Clerk of this Court. This Court has before noted that the power and duty of disbarment is inherent in this Court. In re Higgins, 194 Miss. 838, 844, 13 So.2d 829, 831 (1943). "[I]t is a power implicit in the constitutional establishment of such courts that they shall have the authority to take such steps as will be necessary to their preservation and protection in the performance of those duties for which they were called into existence by the constitution itself." Id. The Committee on Professional Responsibility as an agent of this Court has a duty to investigate possible misconduct of an attorney on behalf of the Court. It is the Clerk of this Court who issues the subpoena to aid the Committee on Professional Responsibility in carrying out its duties. As a result, the subpoena issued is invalid, as it was not issued in accordance with the rules of this Court. Haywood v. Aerospec, Inc., 193 Ga. App. 479, 388 S.E.2d 367, 368 (1989) (holding improper subpoenas are unenforceable).

2) DOES MISS. CODE ANN. § 25-4-23 (1991 REV.) VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE MISSISSIPPI CONSTITUTION?
Since this problem is capable of repetition, this Court will address the merits of this case, despite the failure of the Committee on Professional Responsibility's subpoena. See Southern Pacific Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911).
Mississippi Code Annotated § 25-4-5 (Rev. 1991) creates the Mississippi Ethics Commission. It is a statutory commission. Thus, it is subordinate to this Court and its agencies, including the Committee on Professional Responsibility. "[A] dependable and trustworthy bar is one feature, perhaps above all others, necessary to the proper performance of [the Court's] duties." In re Higgins, 194 Miss. at 844, 13 So.2d at 831. The Mississippi Ethics Commission cannot stand in the way of this Court exercising its constitutional duties by refusing to obey a properly issued subpoena.
In Hall v. State, this Court said that "[t]he making of rules of evidence to govern trials in our courts is a function at the core of the judicial power." Hall v. State, 539 So.2d 1338, 1339-40 (Miss. 1989). Rule 501 of the Mississippi Rules of Evidence states that "no person has a privilege to ... refuse to disclose any matter." M.R.E. 501 (1995). The Mississippi Ethics Commission's interpretation of § 25-4-23 effectively abrogates Rule 501.
*1225 The powers vested in this Court by the Constitution of the State of Mississippi are very broad. "The judicial power has been authoritatively read as including the power to make rules of practice, procedure and evidence." Hall, 539 So.2d at 1345 (footnote omitted). To allow the Mississippi Ethics Commission to interpret a statute that effectively abrogates a rule of evidence is an encroachment upon this branch's inherent duty and constitutional authority. The statute may not extend the privilege of confidentiality to this Court when subpoenaed by this Court or an agency thereof.[1]

3) DOES THE PRIVILEGE OF CONFIDENTIALITY PROTECTING THE MISSISSIPPI ETHICS COMMISSION'S INVESTIGATIONS EXTEND TO MATERIAL IN THE PUBLIC DOMAIN THROUGH THE MISSISSIPPI ETHICS COMMISSION'S LITIGATION?
Mississippi does not have a direct case addressing whether confidential material used in litigation by a governmental agency retains its confidential nature. However, the federal courts have held that the use of confidential materials in litigation does not waive the confidentiality privilege for that material, even if publicly disclosed, in disputes about what the government must divulge under the Freedom of Information Act. Irons v. Federal Bureau of Investigation, 880 F.2d 1446, 1448 (1st Cir.1989); Lame v. United States Department of Justice, 654 F.2d 917, 925 (3rd Cir.1981); Lesar v. United States Department of Justice, 636 F.2d 472, 491 (D.C. Cir.1980). The United States Supreme Court, although declining to answer this question, cited Irons when dealing with this issue in United States Department of Justice v. Landano, 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). The material injected into the public domain is still confidential. Given the interest in protecting the confidentiality of the information revealed to the Mississippi Ethics Commission, the fact that the information has been previously divulged should be irrelevant. However, the records, files, and the deposition of the Mississippi Ethics Commission are subject to a valid subpoena properly issued by this Court.

IV. CONCLUSION
The Committee on Professional Responsibility does not have the ability to issue a subpoena itself, and the motion to quash should be granted. In the event that the Committee on Professional Responsibility shall hereafter wish to pursue this matter, it may seek the proper issuance of a subpoena by the Clerk of the Supreme Court of Mississippi. All the material of the Mississippi Ethics Commission so subpoenaed should be produced to the Committee on Professional Responsibility when the Committee on Professional Responsibility tenders a valid subpoena.
MOTION TO QUASH SUBPOENA GRANTED.
SULLIVAN, P.J., and BANKS, McRAE, SMITH and MILLS, JJ., concur.
PRATHER, P.J., specially concurs with separate written opinion joined by DAN M. LEE, C.J., and BANKS, J.
BANKS, J., specially concurs with separate written opinion joined by DAN M. LEE, C.J., PRATHER, P.J., and JAMES L. ROBERTS, Jr., J.
PRATHER, Presiding Justice, specially concurring:
I concur with the majority opinion that the clerk of this Court is the proper person to issue a subpoena under Rule 2(a) of the Rules of Discipline for the Mississippi Bar, and that the Committee on Professional Responsibility is without authority to issue a subpoena sua sponte. Therefore, I concur with the holding of the majority opinion that the subpoena was void.
Respectfully, however, I depart from the majority opinion in its holding that the Mississippi Ethics Commission, a statutory commission with a statutory grant of confidentiality of its records and proceedings, must automatically submit its records to the Committee *1226 of Professional Responsibility or that its officers must submit to deposition. I join in the opinion of Justice Banks as to the procedure to be followed.
The Mississippi Ethics Commission has a statutory grant of confidentiality of its proceedings and its records under the Ethics in Government Act. Miss. Code Ann. § 25-4-23 (1991 rev.), provides:
All commission proceedings and records relating to any investigation shall be kept confidential, except this requirement shall not be construed to interfere with the commission's authority, pursuant to paragraphs (d) [a report to the Attorney General or district attorney] and (f) [suits to seek restitution or equitable or legal remedies to recover Public funds or property, etc.] of Section 25-4-19, and pursuant to Section 25-4-21 [confidential complaints], or when necessary for prosecutions of violations under Section 25-4-31 [relating to fines and penalties].
The legislative purposes of this act were several, and among the stated legislative purposes enumerated were the following: that public officials and employees be independent and impartial; that governmental decisions and policy be made in the proper channels of the government structure; that public office not be used for private gain other than the remuneration provided by law; that there be public confidence in the integrity of government; and that public officials be assisted in determinations of conflicts of interest.
It appears that the purposes of the act can be best carried out if the flow of information from citizens to the Commission is granted confidentiality, and that to insure the reporting of violations to the proper authority, such a grant of confidentiality was warranted to promote ethical conduct in government. Thus, there is a legitimate public interest in the granting of the privilege of confidentiality.
Given the valid purpose of maintaining confidentiality with the Ethics Commission's investigations so as to insure the future effectiveness of that agency, I would prefer to adopt an approach adopted by the United States Supreme Court in the case of United States v. Reynolds, 345 U.S. 1, 9-12, 73 S.Ct. 528, 532-34, 97 L.Ed. 727 (1952). The Reynolds Court reviewed a situation where the government used a general statutory claim of confidentiality to protect military secrets, which the plaintiffs wanted divulged as a part of the Federal Tort Claims Act suit. Reynolds, 345 U.S. at 9, 73 S.Ct. at 532-33. The United States Supreme Court affirmed the government's position, denying the government interest against the necessity for this information. Reynolds, 345 U.S. at 9-12, 73 S.Ct. at 532-34. Pursuant to the rule-making authority vested in this Court, I recommend that this Court adopt a balancing test for this question of privilege for confidential information. See Hall v. State, 539 So.2d 1338, 1339-40 (Miss. 1989).
Additionally, it is my view of the majority's second issue that this Court does not have to reach the constitutional overtones. Taking a narrower ground for decision, it is my view that the question to be answered by this Court becomes whether a claim of privilege of statutory confidentiality is sufficient to forestall any judicial examination of the information. With the claim of privilege having been asserted by the Ethics Commission, this Court should determine whether the circumstances are appropriate for the claim of privilege and yet do so without forcing a disclosure of the very thing the privilege is designed to protect. I recognize that the latter requirement presents difficulty. The Reynolds court drew upon the judicial experience in dealing with an analogous privilege, the privilege against self-incrimination.
Respectfully, I do not concur in the resolution of the majority.
DAN M. LEE, C.J., and BANKS, J., join this opinion.
BANKS, Justice, specially concurring:
I concur with the result reached by the majority and all that is said. I write separately only to express my view that this Court need not address today the questions whether, how, and how much material shall be disclosed in response to a properly served subpoena.
*1227 While it is true that the records of the Mississippi Ethics Commission are amenable to the subpoena power of our courts, that power must be exercised in a manner which comports with both the rights of the litigants seeking information and the interests to be protected by the legislative designation of confidentiality. The index to our code reflects a myriad of matters prescribed confidential or privileged by our Legislature. These range from "A" for parental consent to abortion to "Y" for child abuse records. In between, we find such subjects as peer review committees, personal tax returns, Gaming Commission records, Public Service Commission Records, and the like. The need to maintain confidentiality of some records created or obtained by government agencies and private entities alike is obvious.
The need is best served in situations such as the one presently before the Court through the mechanisms provided in our rules. Rule 26(d) of the Mississippi Rules of Civil Procedure anticipates the need for protective orders with respect to discovery sought. It provides that party from whom such discovery is sought may seek such an order and, for good cause, the court may order that the discovery not be had or that it be appropriately restricted. M.R.C.P. 26(d). With respect to subpoenas, our rules provide that a person served may move to quash or modify the subpoena. M.R.C.P. 45(b), (d). Motions to quash or for a protective order put to the issuing court the question whether the materials sought have some reasonable relationship to the issues before the court and, if so, what, if any, limitations should be placed upon access to and use of the information acquired in light of the interests sought to be protected by the statutory requirement of confidentiality. They also result in a court order relieving the agency involved from its duty to comply with the statutory directive of non-disclosure.
The decision whether to order disclosure necessarily involves a balancing of the respective interests of the litigants and the parties protected by the rule of confidentiality. That task involves an assessment of the nature of the information, its relationship to the issues involved in the matter before the court, the need for confidentiality, and the various methods available in terms of conditioning or restricting access for both providing disclosure and protecting the interest of confidentiality. In some instances, in camera inspection may be necessary. In others, where the need for confidentiality is relatively weak and the need for the information in the matter at hand relatively strong, complete unrestricted access may be the rule. See Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (holding that even the Confrontation Clause protection of a criminal defendant did not dictate that he have unrestricted access to Children and Youth Services records and that the interest in a fair trial could be protected by in camera inspection); United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1952) (requiring a balancing of the interests in protecting military secrets against the relative importance of the information in deciding whether even in camera inspection should be allowed).
Because no proper subpoena has been issued in the instant case, we are not called upon to decide these issues with respect to the present controversy. The Mississippi Ethics Commission sought a motion to quash or in the alternative an appropriate protective order. Whether any protective order is appropriate and, if so, the extent of that order in this case is left for another day.
DAN M. LEE, C.J., PRATHER, P.J., and JAMES L. ROBERTS, Jr., J., join this opinion.
NOTES
[1] We might note that rules governing the Committee on Professional Responsibility provide for confidentiality which extends to the Committee and its staff and employees unless made public by the accused attorney or unless a public discipline is imposed.