# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CA-00725-SCT

*STATE OF MISSISSIPPI*

*v.*

*NINA BUCKHALTER a/k/a NINA R.*
*BUCKHALTER a/k/a NINA ROZANNE*
*BUCKHALTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/18/2012 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE DISTRICT ATTORNEY, FIFTEENTH DISTRICT |
| | BY: LAUREN B. HARLESS |
| | DOUGLAS E. MILLER |
| | HALDON J. KITTRELL |
| ATTORNEYS FOR APPELLEE: | ROBERT B. MCDUFF |
| | JACOB WAYNE HOWARD |
| | KARL C. HIGHTOWER |
| | FARAH DIAZ-TELLO |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 08/08/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The Lamar County grand jury indicted Nina Buckhalter for culpable-negligence manslaughter after she gave birth to a stillborn baby girl.  The circuit court dismissed the indictment, finding certain language in the manslaughter statute to be "vague and ambiguous," when applied to "a woman who has caused the miscarriage or stillbirth of her

unborn child." The State[1] appealed. Because we find the indictment was fatally flawed, we affirm its dismissal without reaching the issue addressed by the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2.   In her thirty-first week of pregnancy, Nina gave birth to a stillborn child, Hayley Jade Buckhalter. A Lamar County grand jury indicted Nina for culpable-negligence manslaughter under Section 97-3-47,[2] which defines manslaughter as the "killing of a human being, by the act, procurement, or *culpable negligence of another*."[3] The indictment alleged that Nina

> did *willfully*, unlawfully, feloniously, *[k]ill* Hayley Jade Buckhalter, a human being, by culpable negligence, contrary to and in violation of Section 97-3-47, of the Mississippi Code of 1972, as amended; against the peace and dignity of the State of Mississippi.[4]

¶3.   The indictment failed to disclose how Nina allegedly caused Hayley Jade's death, but from statements in other pleadings, we assume the State planned to prove at trial that she ingested illegal drugs during the course of her pregnancy.[5] And neither the indictment nor anything else in the record identifies the type of illegal drugs allegedly involved.

¶4.   Nina filed a motion to dismiss the indictment, arguing the word "other" in the manslaughter statute did not apply to a pregnant woman for the death of her unborn child;

---

[1]The Attorney General's Office has not filed a brief in this matter. The State's brief is authored by the District Attorney's Office of the Fifteenth District.

[2] Miss. Code Ann. § 97-3-47 (Rev. 2006).

[3](Emphasis added.)

[4](Emphasis added.)

[5]The record does not identify the type of drugs Nina is accused of ingesting.

and that, at best, the word was ambiguous. The State opposed the motion, but the Lamar County Circuit Court granted it, stating that Section 97-3-47 was "vague as to whether the legislature intended the term 'other' to be specifically inclusive of the pregnant woman herself as against her own unborn child." The State appealed, raising two issues:

I.      Whether the circuit court erred by dismissing the indictment upon finding that the manslaughter statute was vague.

II.     Whether the circuit court erred by considering the legislature's failed attempts to pass laws that specifically would criminalize a mother's conduct which harms her unborn child.

¶5.    Because the indictment against Nina was fatally flawed, our analysis of the case must end there. We affirm dismissal of the indictment, but for reasons other than those stated by the circuit judge, and we decline to address the merits of either of the issues presented.

## DISCUSSION

¶6.    Mississippi's manslaughter is included in Title 97 of the Mississippi Code. Within Title 97 – prior to the manslaughter statute – are two statutes (discussed later) that criminalize the intentional killing of a fetus. Comes then the manslaughter statute which states in its entirety:

> *Every other* killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, *not provided for in this title*, shall be manslaughter.[6]

¶7.    So the manslaughter statute applies *only* where there is *no other applicable criminal statute* under Title 97. Stated another way, the manslaughter statute does not apply to

---

[6]Miss. Code Ann. § 97-3-47 (Rev. 2006) (emphasis added).

conduct that may be prosecuted under any other Title 97 statute. And here – assuming Nina did what the indictment charged she did – there are two statutes under which her conduct may have been prosecuted.

¶8.     If, as the indictment alleges, Nina indeed did "willfully . . . kill" her unborn child – and assuming the term "any person" applies to Nina, an issue we do not reach today – she could have been prosecuted under Section 97-3-3 (1), which states:

> Any person *wilfully* and knowingly causing, by means of any instrument, medicine, *drug* or other means whatsoever, any woman pregnant with child to abort or miscarry . . . shall be guilty of a felony unless the same were done by a duly licensed, practicing physician . . .[7]

¶9.     Also, she could have been prosecuted under Section 97-3-19 (1), which provides:

> The killing of a human being without the authority of law by any means or in any manner shall be murder . . . (d) when done with deliberate design to effect the death of an unborn child.[8]

¶10.    So, because Nina's conduct – as alleged in the indictment – is addressed in other Title 97 statutes, it may not be prosecuted under Section 97-3-47.

¶11.    We must address two prior cases that might seem to – but do not – conflict with our holding today. In *Williams v. State*,[9] the defendant was indicted for "willfully and feloniously kill[ing] and slay[ing] one John Turner, a human being, by culpable negligence." The 1931 culpable-negligence manslaughter statute was similar to ours today, and provided:

---

[7]Miss. Code Ann. § 97-3-3 (1) (Rev. 2006).

[8]Miss. Code Ann. § 97-3-19(1)(d) (Rev. 2006). A "human being," for purposes of this statute, includes an unborn child. *See* § 97-3-37(1)(d)(Rev. 2006).

[9]*Williams v. State*, 161 Miss. 406, 137 So. 106, 107 (1931).

4

"every other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, ***not provided for in this chapter***, shall be manslaughter."[10]

¶12. On appeal from the trial court's denial of Williams's demurrer, he did not argue that, because he could have been prosecuted under other statutes, he could not be prosecuted for manslaughter. This Court did not address the issue.

¶13. Similarly, the defendant in ***Yazzie v. State***[11] was indicted for "unlawfully, wilfully, and feloniously . . . kill[ing] and slay[ing] one Phyllis Waits, a human being . . ." under Section 97-3-47. Yazzie's conviction was affirmed on appeal, but he neither raised nor argued the issue before us today. But to be clear, to the extent they conflict with today's opinion, we overrule ***Williams*** and ***Yazzie***.

¶14. We also note that Nina's counsel did not employ this argument in challenging the indictment in the trial court, nor was it briefed to this Court on appeal. It was raised at oral argument, however, and the State conceded that the indictment was flawed because the "willful" language should not have been included as there was no evidence of a willful

---

[10] ***Id***. (quoting Section 1002, Code 1930) (emphasis added).

[11] ***Yazzie v. State***, 366 So. 2d 240, 242 (Miss. 1979).

killing. Because the flaw in Nina's indictment is clear and obvious, and because it affects a fundamental right,[12] we have elected to address the issue as plain error.[13]

¶15. We also express concern over the indictment's failure to provide any notice or information whatsoever as to how the State alleges Nina "did **willfully**, unlawfully, feloniously, *[k]ill* Hayley Jade Buckhalter, a human being, by culpable negligence." We need not elaborate further on this curious omission.

## CONCLUSION

¶16. This Court will affirm a trial court that has reached the right result, even if we disagree with – or, as here, decline to address – the trial court's reasoning.[14] Nina's indictment for manslaughter, which alleges she "willfully" caused the death of her child, is fatally flawed, so we affirm the trial court's dismissal of the indictment.

¶17. **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., LAMAR, PIERCE AND COLEMAN, JJ., CONCUR. KING, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND CHANDLER, JJ.**

**KING, JUSTICE, CONCURRING IN RESULT:**

---

[12]"Under the plain-error doctrine, we can recognize obvious error which was not properly raised by the defendant on appeal, and which affects a defendant's 'fundamental, substantive right.'"**Smith v. State**, 986 So. 2d 290, 294 (Miss. 2008) (citations omitted).

[13]"Plain-error review is properly utilized for 'correcting obvious instances of injustice or misapplied law.'" **Id.** (quoting **Newport v. Fact Concerts**, 453 U.S. 247, 256, 101 S. Ct. 2748, 69 L. Ed. 616 (1981)).

[14]*See* **Falco Lime, Inc. v. Mayor and Aldermen of City of Vicksburg**, 836 So. 2d 711, 725 (Miss. 2002) (citing **Jackson v. Fly**, 215 Miss. 303, 311, 60 So. 2d 782, 786 (1952)).

¶18.    Finding the manslaughter statute to be vague and ambiguous regarding whether Buckhalter may be prosecuted for the death of her unborn child, the trial court dismissed Buckhalter's indictment. The majority opinion finds the indictment to be flawed and dismisses the indictment, but leaves room for the State simply to reindict Buckhalter. *See* Miss. Code Ann. § 99-1-9 (Rev. 2007). If the majority were able to dismiss the case with prejudice, I would concur. However, it cannot. For this reason, I join solely in the result.

¶19.    Buckhalter did not raise the indictment issue below or on appeal. As noted by the majority, the issue was raised by the Court in oral argument. When asked about the indictment during oral argument, Buckhalter's appellate counsel requested that the Court address the merits of the case rather than having the case returned to circuit court for a new indictment and then returned here. I agree with Buckhalter's counsel that this Court, in the interest of judicial economy, should address the merits of this matter. The merits of the case are subject to repetition and should be addressed by the Court. *See **Miss. Ethics Comm'n v. Comm. on Prof'l Responsibility of the Miss. Bar***, 672 So. 2d 1222, 1224 (Miss. 1996).

¶20.    Since I have been a member of this Court, this issue has arisen twice. First, in **Gibbs v. State**, the Court initially granted Gibbs's request for interlocutory appeal to determine whether the depraved-heart-murder statute applied to women who gave birth to stillborn babies. **Gibbs v. State**, 2010-IA-00819-SCT, Order No. 172566 (Miss. October 27, 2011). The Court even heard oral arguments in the case. *Id*. (King, J., objecting). Then, 498 days after having granted the interlocutory appeal, the Court decided it had granted improvidently Gibbs's request for an interlocutory appeal and remanded the case to trial. *Id*.

7

¶21. Now, Buckhalter is before the Court with a very similar issue. Today's decision places Buckhalter at risk of substantial injury – reindictment and a possible trial and conviction. Also with reindictment, Buckhalter will have the same issue to present to the circuit court for resolution – whether she can be charged for murder of any kind under Mississippi statutes. Buckhalter's case, like *Gibbs*, will be back to square one. If the majority feels compelled to address the merits of an issue never raised by the defense, it certainly should feel compelled to address Buckhalter's concerns, which are properly before this Court and possibly could end the case.

¶22. Thus, in the interest of judicial economy, I would address the case on the merits.

**KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.**

8