IRVING, J.,
for the Court:
¶ 1. The George County Chancery Court denied Chase Powell’s request to have the surname of Powell’s child changed to reflect Powell’s surname. Powell appeals, arguing that the chancery court erred. We disagree. Therefore, we affirm the judgment of the chancery court.
STATEMENT OF FACTS
¶ 2. On January 29, 2010, a baby daughter was born out of wedlock to Christina Crawley[1] and Powell, who at the time was just two months shy of his twentieth birthday. The next day, Powell signed two documents: an Acknowledgement[2] of Paternity form and a Name of Child Verification form. The paternity form lists the child’s full name as Carsyn Michelle Craw-ley. In the paternity form is the following printed certification, which Powell signed before a notary public:
I, Chase Dickson Powell[,] certify and acknowledge that I am the natural father of the child whose name appears in item 1 of the birth certificate, and that all information in items 7a-7d and 13-15 is correct. My rights and responsibilities and right to rescind (cancel) paternity have been explained to me. It is also understood that I have the right to request a genetic test through the Department of Human Services within sixty days.
¶ 3. The verification form also lists the child’s full name as Carsyn Michelle Craw-ley. Printed in the verification form is the following statement, which Powell signed:
By my signature[,] I verify and agree that the [cjhild’s name as it appears in Item 1 of the birth certificate and Item 1 of [the verification form] is the name to be given to the child by the mother and I, and the name is spelled in accordance with our wishes.
Also printed in the verification form is the following statement:
The name given a child on the Certification of Live Birth establishes the legal identity of that child, and as such attention to the spelling of the name must be exercised. Traditionally, the [cjhild’s last name is the same as the [fjather’s last name as listed on the Certificate of Live Birth, or, in cases where the mother is not married at any time from conception through birth and there is no “Acknowledgment of Paternity,” the [cjhild’s name is the legal last name of the mother at the time of birth. However, parents are not required to follow tradition and may name the child any name of their choosing.

To ensure accuracy of intent and spelling, any time a child is named in a manner other than the traditional, the parent(s) are asked to verify that the [cjhild’s name listed is the name intended for the child and is spelled in accordance with the parent(s)[] wishes.

(Emphasis added).
¶4. Nine months after executing the forms discussed above, Powell filed a complaint for adjudication of paternity, child support, and visitation with Carsyn. Powell also sought to change Carsyn’s surname *866 from Crawley to Powell. He named Christina as the only respondent.
¶ 5. The matter was set for hearing, and on the morning of the hearing, the parties agreed to paternity, child support, and visitation, leaving only the matter of the change of Carsyn’s surname to be decided by the chancery court. Nothing was offered in support of the change but, by agreement, argument of counsel. There was not even a proffer of what Powell would have testified to if called as a witness.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Mississippi Code Annotated section 41-57-23(1) (Supp.2012) provides in pertinent part:
Any petition, bill of complaint[,] or other proceeding filed in the chancery court to: ... (b) change the surname of a child ... or (e) make any changes or additions to a birth certificate resulting from a legitimation, filiation ... shall be filed in the county of residence of the petitioner or filed in any chancery court district of the state if the petitioner be a nonresident petitioner. In all such proceedings, the State Board of Health shall be made a respondent therein, and a certified copy of the petition, bill of complaint[J or other proceeding shall be forwarded to the State Board of Health.
(Emphasis added). When Powell filed his complaint, his child already had a birth certificate with her surname listed as Crawley. Therefore, in order to change the child’s surname from Crawley to Powell, Powell was required to comply with the provisions of section 41-57-23(1). He did not, inasmuch as he failed to make the State Board of Health a respondent.
¶ 7. In denying Powell’s request to have his child’s surname changed to his, the chancery court stated: “[B]y signing the ‘Name of Child Verification,’ the plaintiff/natural father waived his right to have the child’s surname changed to his surname. His signature on this statement represents his agreement to allow the child’s surname to be the same as the mother’s.” We need not decide whether the chancery court abused it discretion in refusing to grant the requested relief because, as stated, Powell failed to make the State Board of Health a respondent. Therefore, the chancery court could not have granted the relief even if it had wanted to. See Tillman v. Tillman, 791 So.2d 285, 289 (¶ 13) (Miss.Ct.App.2001) (stating that it is the standard practice to affirm the trial court’s decision when the right result has been reached even if for the wrong reason).
¶8. The dissent, relying on the provisions of Mississippi Code Annotated section 41-57-23(2) (Supp.2012), states that “changing a child’s surname to one other than the father’s surname when a paternity form has been properly executed is a discretionary, exceptional circumstance, while inclusion of the father’s surname is compulsory.” Dissenting Op. at (¶ 13). With all due respect, we must say that the dissent misapplies section 41-57-23(2). Section 41-57-23(2) clearly states that when a father is already listed on a birth certificate, as is the case here, any change to one’s surname must be made pursuant to section 41-57-23(1). Section 41-57-23(2)[3] is applicable when the parties are *867 first deciding what their child’s name should be. Thus, section 47-57-28(2) was applicable when Powell and Christina first decided what to name their new baby. At that time, it was left to their discretion to follow the traditional approach and have their child take the father’s surname or to give the child some other surname. They chose the latter. Therefore, after the expiration of sixty days[4] following Powell’s execution of the acknowledgment of paternity, the name that they agreed to give to their child became final, because thereafter paternity could be challenged only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger. Miss.Code Ann. § 41-57-23(S)(b) (Supp.2012). Any change to the child’s surname would thereafter have to be made pursuant to the procedure set forth in section 47-57-23(1).
¶ 9. THE JUDGMENT OF THE GEORGE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
GRIFFIS, P.J., CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. ISHEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J.; BARNES AND ROBERTS, JJ„ JOIN IN PART. JAMES, J., NOT PARTICIPATING.

. The order denying change of name lists the appellee's name as Nina, while the judgment adjudicating child support and visitation lists her name as Christina.

. In the form, the British spelling, rather than the American spelling of the word acknowledgment is used.

. This section states in pertinent part:
If a child is bom to a mother who was not married at the time of conception or birth, or at any time between conception and birth, and the natural father acknowledges paternity, the name of the father shall be added to the birth certificate if a notarized affidavit by both parents acknowledging paternity is received on the form prescribed or as provided in [Mississippi Code Anno-
*867 tated] [sjection 93-9-9. The surname of the child shall be that of the father except that an affidavit filed at birth by both listed mother and father may alter this rule. In the event ... a father is already listed on the birth certificate, action must be taken under [sjection 41-57-23(1) to add or change the name of the father. (Emphasis added).

. The time allowed for rescission of an acknowledgment of paternity was enlarged from sixty days to one year by a 2012 amendment.