KING, Justice,
concurring in result:
¶ 18. Finding the manslaughter statute to be vague and ambiguous regarding whether Buckhalter may be prosecuted for the death of her unborn child, the trial court dismissed Buckhalter’s indictment. The majority opinion finds the indictment to be flawed and dismisses the indictment, but leaves room for the State simply to reindict Buckhalter. See Miss.Code Ann. § 99-1-9 (Rev.2007). If the majority were able to dismiss the case with prejudice, I would concur. However, it cannot. For this reason, I join solely in the result.
¶ 19. Buckhalter did not raise the indictment issue below or on appeal. As noted by the majority, the issue was raised by the Court in oral argument. When asked about the indictment during oral argument, Buckhalter’s appellate counsel requested that the Court address the merits of the case rather than having the case returned to circuit court for a new indictment and then returned here. I agree with Buckhalter’s counsel that this Court, in the interest of judicial economy, should address the merits of this matter. The merits of the case are subject to repetition *1020 and should be addressed by the Court. See Miss. Ethics Comm’n v. Comm. on Prof'l Responsibility of the Miss. Bar, 672 So.2d 1222, 1224 (Miss.1996).
¶ 20. Since I have been a member of this Court, this issue has arisen twice. First, in Gibbs v. State, the Court initially granted Gibbs’s request for interlocutory appeal to determine whether the depraved-heart-murder statute applied to women who gave birth to stillborn babies. Gibbs v. State, 2010-IA-00819-SCT, Order No. 172566 (Miss. October 27, 2011). The Court even heard oral arguments in the case. Id. (King, J., objecting). Then, 498 days after having granted the interlocutory appeal, the Court decided it had granted improvidently Gibbs’s request for an interlocutory appeal and remanded the case to trial. Id.
¶ 21. Now, Buckhalter is before the Court with a very similar issue. Today’s decision places Buckhalter at risk of substantial injury — reindictment and a possible trial and conviction. Also with rein-dictment, Buckhalter will have the same issue to present to the circuit court for resolution — whether she can be charged for murder of any kind under Mississippi statutes. Buckhalter’s case, like Gibbs, will be back to square one. If the majority feels compelled to address the merits of an issue never raised by the defense, it certainly should feel compelled to address Buckhalter’s concerns, which are properly before this Court and possibly could end the case.
¶ 22. Thus, in the interest of judicial economy, I would address the case on the merits.
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.