RANDOLPH, Presiding Justice,
concurring in part and dissenting in part:
¶ 30. I concur with part I of the majority’s opinion, and I join in part only with Justice Chandler’s dissenting opinion, specifically ¶ 33, ¶ 34, and ¶ 37. My dissent as to part II of the majority follows. We should consider the circumstances at the *439 time the contract was made to determine whether unconscionability exists. (Maj. Op. ¶22). Furthermore, this Court will not “relieve a party to a freely negotiated contract of the burdens of a provision which becomes more onerous than originally anticipated.” (Maj. Op. ¶ 22) (citing Mabus v. Mabus, 890 So.2d 806, 819 (Miss.2008) (citations omitted)). Here, it is undisputed that Tanya sought and obtained legal advice from independent counsel, who instructed her that the agreement was one-sided. She chose to disregard that substantive advice and executed the negotiated agreement. Based on the facts specific to this case, no court should consider substantive unconscionability.
¶ 31. Although the chancellor’s decision was indeed premised on the wrong reason, our appellate courts have regularly affirmed trial courts that reach the right result albeit for the wrong reason. See State v. Buckhalter, 119 So.3d 1015, 1019 (Miss.2013); Powell v. Crawley, 106 So.3d 864, 866 (Miss.Ct.App.2013); Tedford v. Dempsey, 437 So.2d 410, 418 (Miss.1983) (citing Huffman v. Griffin, 337 So.2d 715, 723 (Miss.1976)). Accordingly, I would find that review for substantive uncon-scionability is not required in this case under the facts presented.
CHANDLER, J., JOINS THIS OPINION IN PART.